IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JULIANNA MARIE REBHAN,            *
    Infant Child, *et al.*,

                                     *

    Plaintiffs,                  *

        v.                          *      Civil Action No. RDB 05-2119

MICHAEL R. BARNETT, M.D., *et al.*   *

                                       *

    Defendants.                   *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

MEMORANDUM OPINION

Pending before this Court is the Motion for Qualified Protective Order Permitting

Defense Counsel to Speak to Minor Plaintiff's Treating Physicians filed by Defendants Michael

R. Barnett, M.D., an obstetrician/gynecologist, and Michael R. Barnett, M.D., P.A

("Defendants").  Plaintiffs filed a response in Opposition to Motion for Qualified Protective

Order.  The matters have been fully briefed and no hearing is necessary.  *See* Local Rule 105.6

(D. Md. 2004).  For the reasons stated below, Defendants' Motion is DENIED.

BACKGROUND

This is a medical malpractice action brought on behalf of an infant child, Julianna Marie

Rebhan, by her parents and next friends, as well as individually by her mother, Jennifer Noel

Rebhan, and her father, Ronald Alfred Rebhan Jr. (collectively "Plaintiffs").  Plaintiffs allege

that Julianna sustained injuries as a result of negligent conduct by Defendants related to her

delivery by emergency Cesarean Section on October 3, 2004 at Carroll County General Hospital

in Westminster, Maryland.  More specifically, Plaintiffs allege that Defendants negligently

delayed the delivery of Julianna resulting in injuries and damages.  On October 15, 2004,

Julianna was diagnosed by neonatalists in the intensive care unit of Mercy Medical Center in

Baltimore, Maryland with hypoxic ischemic encephalopathy and was released from the hospital

with a prearranged referral to a pediatric neurologist in Hanover, Pennsylvania.  (Compl. ¶ 17.)

Plaintiffs allege that Julianna has suffered permanent neurological injury as a result of the

Defendants' negligence and requires ongoing treatment, care, and therapy.  (Compl. ¶ 18.)

DISCUSSION

On March 28, 2005, Defendants filed a motion seeking an Order from this Court

permitting defense counsel to speak to Julianna's treating physicians *ex parte*, including but not

limited to intensivists, neonatologists, pediatricians, and radiologists who treated Juliana after

her hospitalization at Carroll County Hospital Center in October 2004.  (Defs' Mot. at 1.)

Plaintiffs oppose Defendants' request.  Defendants seek a Qualified Protective Order from this

Court to comply with the Health Insurance Portability and Accountability Act of 1996 (HIPAA).

*See* 45 C.F.R. 164.512(e)(1) (stating that health care information may be disclosed in the course

of a judicial proceeding "in response to an order of a court or administrative tribunal, provided

that the covered entity discloses only the protected health information expressly authorized by

such an order.").  HIPAA's purpose is to "ensure the integrity and confidentiality of [patients']

information" and to protect them against "unauthorized use or disclosure of that information."

42 U.S.C. § 1320d-2(d)(2)(A) & (B)(ii).

Defendants state that they have no real knowledge of Julianna's current condition and

that the entirety of the Plaintiffs' health care providers or their specialties remains unknown to

them.  (Defs' Mem. Supp. Mot. at 5.)[1]  Defendants assert that Plaintiffs have put the infant

plaintiff's  medical condition and history at issue by filing this medical malpractice case.  (*See*

*id.*)  Defendants argue that Plaintiffs' attorney has unrestricted access to his clients' treating

physicians and that defense counsel should be afforded the same opportunity.  (*See id.* at 6.)

Defendants contend that because there is no prohibition in Maryland against *ex parte*

contacts between a lawyer and the treating physician of an adverse party who has placed her

medical condition in issue, *see Butler-Tulio v. Scoggins M.D., et al.*, 139 Md. App. 122, 150, 774

A.2d 1209, 1225 (2001), that defense counsel should be allowed to communicate with the minor

Plaintiff's health care providers *ex parte*.  (Defs' Mem. Supp. Mot. at 6.)  Plaintiffs argue that

Defendants' Motion should be denied for two reasons: (1) Defendants' have not demonstrated a

need for *ex parte* access to the physicians sufficient to justify the invasion of privacy and

physician-patient confidentiality; and (2) *ex parte* meetings and interviews increase the risk of

inadvertent disclosure of protected, confidential information.  As a result, Plaintiffs request that

Defendants' access to the physicians be through formal discovery requests in the form of either

depositions or interrogatories.

This Court finds that Defendants have not adequately established a need for *ex parte*

communications with Julianna's physicians and that access to them through the normal

discovery process is sufficient.  After weighing Defendants' interests in avoiding the cost of

formal discovery and "leveling the playing filed" against the privacy interests of Julianna and the

---

[1]     Defendants, however, have identified three physicians who would be covered by
the requested Qualified Protective Order: Dr. Dulkerian, Mercy Medical Center, 301 St. Paul
Place, Baltimore, MD 21202; Michael Sellman, M.D., Mercy Medical Center, 301 St. Paul
Place, Baltimore, MD 21202; and Renee Fox, M.D., University of Maryland Hospital for
Children.  (Defs' Mem. Supp. Mot. at 5.)

risk of inadvertent disclosure of confidential information, this Court does not find Defendants' stated reasons for seeking *ex parte* communications to be very compelling.  *See generally Law v. Zuckerman,* 307 F. Supp.2d 705, 711 (D .Md. 2004) ("Since Maryland law fails to satisfy the 'more stringent' standard, federal law is controlling and all *ex parte* communications must be conducted in accordance with the procedures set forth in HIPAA.").  Faced with similar facts to those presented in this case, Magistrate Judge Paul W. Grimm of this Court and other courts have reached the same conclusion.  *See Washington v. Tramonta*, PWG-04-1144 (D. Md. ) (attached to Pls' Resp. at Ex. 1); *see also Crenshaw v. Mony Life Ins. Co.*, 318 F. Supp 2d 1015, 1025-26 (S.D. Cal. 2004); *Crist v. Moffatt*, 389 S.E.2d 41, 47 (N.C. 1990).  Therefore, Defendants' Motion is DENIED.

<u>CONCLUSION</u>

For the reasons stated above, Defendants' Motion for Qualified Protective Order Permitting Defense Counsel to Speak to Minor Plaintiff's Treating Physicians is DENIED.  A separate Order will follow.

June 26, 2006                                   <u>/s/</u>_____
                                                Richard D. Bennett
                                                United States District Judge